IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| AMINA MATHENY-WILLARD, | |
| **Plaintiff,** | |
| v. | Case No.: 3:23-cv-05026-MDH |
| RAINY ROBINSON, | |
| **Defendant.** | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) or in the alternative to Transfer Matter to the Western District of Virginia. (Doc. 4). The motion has been fully briefed and on July 13, 2023, the Court held a telephone conference to discuss the pending motion. For the reasons set forth herein, the motion is granted in part and the matter is dismissed without prejudice.

## BACKGROUND

On April 23, 2023, Plaintiff, a Virginia attorney, filed the instant lawsuit against Defendant, an alleged "influencer," alleging a sole count of abuse of process. Plaintiff alleges that Defendant filed a "retaliatory suit" against her in this Court and that Defendant had "no intention of actually pursuing any legitimate remedy in the action." Plaintiff alleges Defendant filed the lawsuit to cause Plaintiff personal and financial harm and to promote Defendant's "fanbase."

Plaintiff's Complaint alleges she resides in Virginia, practices law in Virginia, and is "widely known and respected" in Virginia. Plaintiff alleges Defendant is a Missouri resident who previously appeared on several episodes of reality television. Plaintiff alleges she "had virtually

1

no interaction whatsoever with the State of Missouri or with the Defendant" prior to the actions set forth in this lawsuit.

The underlying "dispute," as described by Plaintiff, is as follows: On January 3, 2023, Plaintiff filed suit in Virginia against Defendant on behalf of her two clients. The Virginia lawsuit alleged that Defendant has utilized a name and image without authorization for advertising and trade purposes. Plaintiff further alleges she represents other clients that have an "ongoing public feud" with Defendant. Plaintiff alleges her clients' "feuds" with the Defendant help promote Defendant's revenue as an "influencer."

On February 27, 2023, Defendant filed suit against Plaintiff in Jasper County, Missouri. Plaintiff alleges the state lawsuit was a "lengthy personal attack" on her. Plaintiff alleges "within twenty-four hours" she retained counsel, removed the matter to this Court, and then Defendant voluntarily dismissed the lawsuit.[1] Defendant states after she voluntarily dismissed that case, she "immediately refiled" the case in the Circuit Court of Augusta County, Virginia. Defendant states that the Virginia state court lawsuit against Plaintiff remains pending.

Defendant moves this Court to transfer the instant case to Virginia, where all the other "actions" and disputes between Plaintiff, Plaintiff's clients, and Defendant are pending. While Defendant resides in Missouri, Plaintiff resides and practices law in Virginia, and the "feuds" that gave rise to the instant action also appear to have taken place in Virginia and involve Plaintiff's Virginia clients. However, Plaintiff objects to transferring this case to Virginia.

---

[1] A review of ECF case number 3:23-cv-05019-SRB, *Robinson v. Matheny-Willard,* reflects that the case was removed on April 4, 2023, and then voluntarily dismissed by Plaintiff the next day on April 5, 2023.

## STANDARD

The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction and dismiss a case where that case would more appropriately be brought in a foreign jurisdiction. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–49, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Section 1404 provides that a civil action may be transferred to any other district where the suit might have been brought, if such a transfer is in the interest of justice or for the convenience of the parties or the witnesses in the case. 28 U.S.C. § 1404(a). In order to transfer a civil action, a court must examine factors set out in the statute as well as other factors that involve public or private interests. The statutory factors are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interest of justice; and (4) whether the case could have been brought in the proposed transferee forum. *Id.* The Eighth Circuit has recognized that this analysis requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." See *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

## DISCUSSION

Here, Plaintiff objects to a transfer of this case and courts typically defer to a Plaintiff's choice venue. However, Plaintiff's claims arise out of Defendant's filing of a lawsuit that was only pending in this District for approximately one day. Defendant's current lawsuit against Plaintiff is now pending in Virginia. Further, Plaintiff's claims in this lawsuit arise out of her claims of alleged damage to her reputation from the lawsuit, which is currently pending in Virginia. In addition, Plaintiff alleges her reputation, clients, and practice of law are established in Virginia and she has little to zero connection to Missouri.

Here, the convenience of the parties and witnesses would be in Virginia. Defendant would be most inconvenienced by the case being in Virginia and she moves for the transfer. Further, the claims can properly be brought in Virginia and the interest of justice can be furthered in Virginia. While a plaintiff's choice of forum normally receives great deference, when a plaintiff chooses a forum other than her home forum, that choice receives less deference. *See e.g. Am. Littoral Soc. v. U.S. E.P.A.*, 943 F. Supp. 548, 551 (E.D. Pa. 1996) (internal citation omitted). Here, the Court has taken Plaintiff's choice of forum into account, however, Plaintiff's choice is not controlling or absolute. Plaintiff's claims arise out of a lawsuit that was only pending in this district for a very short amount of time and is now pending in Virginia. Further, other practical considerations involve Plaintiff's alleged damage to her reputation, which would be in Virginia based on her own allegations, and any proof of her claims would arise in Virginia. The witnesses, clients and other "feuds" involved are in Virginia. The Court finds the public interest of the state and citizens of Virginia also support transfer of this case. Transferring this action will not harm the interests of the parties involved and will bring the adjudication of this dispute to the venue directly affected by the interests at stake in this case. As a result, the Court grants Defendant's motion for the reasons set forth herein.

## CONCLUSION

Wherefore, for the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**. The case is dismissed without prejudice to the refiling of Plaintiff's case in Virginia or as a counterclaim to the lawsuit already pending in Augusta County, Virginia filed by Defendant.

**IT IS SO ORDERED.**

Date: August 14, 2023                                   *s/ Douglas Harpool*
                                                                       Douglas Harpool
                                                                       United States District Judge